IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                              Case No.: 3:15cv484/MCR/EMT

CITY OF PENSACOLA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff and subsequently amended twice (ECF Nos. 1, 3, 11). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 10).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of Plaintiff's complaints,[1] the court concludes that the facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff sues the City of Pensacola, its mayor, and three employees at a recreational facility in the city identified as "Cobb Recreation." Plaintiff states that on July 29, 2015, she asked an attendant at the facility if she could use the restroom,

---

[1] Ordinarily, the Court would review Plaintiff's latest complaint only, given Local Rule 15.1 which provides that allegations in an earlier pleading are deemed to be abandoned if they are not included in the amended pleading. Because Plaintiff appears unaware of this rule, and because her amended pleadings appear to be supplementary in nature rather than true amendments, the court will review all her complaints in this action collectively.

and upon being granted permission, she went to the restroom and shower facility and took a shower. Subsequently, however, she was told to leave by two police officers who evidently told her she was trespassing on the property (ECF No. 1 at 3–5).

Plaintiff also states she went to "the facilities one block north of Cervantes" and was apparently charged one dollar for admission. She complains that there was no hot water at the facility. Although confusing, Plaintiff appears to compare this facility with the "Cobb Recreation" facility, whether favorably or unfavorably (ECF No. 3 at 3–4). Plaintiff further complains about the cleanliness of the facilities and being denied usage of the facilities as a "Red Cross Victim" (ECF No. 11 at 3).

Plaintiff mainly claims a violation of 18 U.S.C. § 241 as a civil rights conspiracy against her. The basis of her claim appears to be the harassment she has allegedly received while using these facilities as a citizen. Plaintiff also claims violations of the Civil Rights Act of 1964, the War Crimes Act, and discrimination. She seeks $300,000.00 in monetary relief and injunctions to keep facilities clean and end the harassment of citizens at public facilities.

Plaintiff's allegations fail to state a plausible claim for relief under § 1983. To state a claim for relief in a § 1983 action, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of

Case 3:15-cv-00484-MCR-EMT   Document 12   Filed 07/25/16   Page 5 of 9

Page 5 of 9

state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999).

Plaintiff's claim that she was harassed during her visits to the aforementioned facilities is not of constitutional dimension. Citizens do not have a constitutional right to courteous treatment by the police or other state actors; therefore, harassment or verbal abuse may be unprofessional, but it is simply not sufficient to state a constitutional claim under Section 1983. Crenshaw v. City of Defuniak Springs, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (citing Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) and Slagel v. Shell Oil Refinery, 811 F.Supp. 378, 382 (C.D. Ill. 1993)).

Likewise, Plaintiff's claims regarding the cleanliness of the recreational facilities or the manner in which they are operated are simply without constitutional merit. "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983) (quoting Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982)); *see also* Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032–33 (11th Cir. 1987).

Case No.: 3:15cv484/MCR/EMT

Plaintiff also suggests that she was discriminated against in violation of Fourteenth Amendment or the Civil Rights Act of 1964. Such a claim works to ensure that the government treats similarly situated people alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a plaintiff generally must allege that (1) she is similarly situated with other persons who received more favorable treatment; and (2) her discriminatory treatment was based on some constitutionally protected interest. *See* Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that she was treated differently from others who were similarly situated to her. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendants acted with the intent to discriminate against her. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367–68 (11th Cir. 1998); Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987). The Equal Protection Clause is also implicated

Page 7 of 9

in "class of one" claims.  Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006).  A "class of one" equal protection claim does not allege discrimination against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)).  The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination.  Id. at 1204–05.  Indeed, the "similarly situated" requirement must be rigorously applied in the context of "class of one" claims.  See Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009).

Here, Plaintiff does not allege she is similarly situated with any other persons who received more favorable treatment than her.  Furthermore, she alleges nothing to plausibly suggest that Defendants acted with any intent to discriminate.  Plaintiff's allegations are therefore completely insufficient to state a plausible equal protection claim.

To the extent that Plaintiff asserts a claim under 18 U.S.C. § 241 or any other federal criminal statute, a private individual cannot bring an individual action under

a criminal statute, because the court is not vested with power to prosecute criminal cases.  *See* Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); *see also* Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same).

As Plaintiff has presented no viable claims under Section 1983 nor under federal criminal law, the complaint should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 25th day of July 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or**

**recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**